IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


MARIO GALICIA-OROZCO,                                                    Civ. No. 09-1401-AC

                              Plaintiff,                                        OPINION AND
                                                                                      ORDER

              v.

COUNTRY MUTUAL INSURANCE
COMPANY, a foreign corporation,


                              Defendant.

_____

ACOSTA, Magistrate Judge:

*Introduction*[1]

Defendant Country Mutual Insurance Company ("Country Mutual") moves to dismiss Plaintiff Mario Galicia-Orozco's ("Plaintiff") claim that Country Mutual breached the parties' contract by violating the implied covenant of good faith and fair dealing. Country Mutual argues that the claim is premised on the Unfair Claim Settlement Procedures Act, the violation of which does not support an individual cause of action. Plaintiff argues that conduct in violation of the UCSPA may support a cause of action not under the statute itself but under the law of contracts.

*Background*

For purposes of this motion, the facts alleged in the complaint are taken as true. Plaintiff possessed an auto insurance policy issued by Country Mutual. Plaintiff was involved in an auto accident due to the negligence of another motorist, Lilia Carrera Trujillo ("Trujillo"). As a result of this accident, Plaintiff suffered physical injuries. Trujillo's insurance had a $25,000 policy limit for bodily injury, which was insufficient to cover the expenses associated with Plaintiff's injuries. Under Plaintiff's policy with Country Mutual, Trujillo was underinsured and, thus, Plaintiff was entitled to underinsured motorist benefits pursuant to the terms of its policy with Country Mutual. Plaintiff submitted a claim for underinsured motorist benefits and demanded binding arbitration. Country Mutual initially agreed to arbitration but, after receiving Plaintiff's proof of loss, participating in discovery, and scheduling an arbitration, Country Mutual withdrew from the arbitration and denied Plaintiff's claim. In doing so, Country Mutual breached its agreement with Plaintiff under the policy.

---

[1] The parties have consented to jurisdiction by magistrate judge in accordance with 28 U.S.C. § 626(c)(1).

*Legal Standard*

Federal Rule of Civil Procedure ("Rule") 8(a) governs pleadings and calls for " a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). A motion to dismiss premised on Rule 12( b)(6) argues that the allegations in the complaint are insufficient to state a claim for relief. Fed. R. Civ. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court emphasized the need to include sufficient facts in the pleading to give proper notice of the claim and its basis: "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations and brackets omitted). Even so, the court noted that "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

On a motion to dismiss for failure to state a claim, the court must review the sufficiency of the complaint, *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974), and take as true all allegations of material fact, construing them in the light most favorable to the nonmoving party. *American Family Ass'n, Inc. v. City & County of San Francisco,* 277 F.3d 1114, 1120 (9th Cir. 2002). The court's review is limited to the face of the complaint, any documents referenced in the complaint, and those matters of which the court may properly take judicial notice. *Swartz v. KPMG LLP,* 476 F.3d 756, 763 (9th Cir. 2007). Otherwise, as a general matter, a district court may not consider any material outside of the pleadings when ruling on a Rule 12(b)(6) motion. *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001).

OPINION AND ORDER                    3                                    {KPR}

*Discussion*

This motion concerns the implied contractual duty of good faith. As the Oregon Supreme Court has stated: "there is an obligation of good faith in the performance and enforcement of every contract." *Best v. United States National Bank of Oregon*, 303 Or. 557, 561, 739 P.2d 554 (1987). The contours of this duty are hard to define, but "at its heart is each party's obligation to perform the contract . . . in a way that will effectuate the objectively reasonable contractual expectations of the parties. The focus is on the parties' agreed common purpose and justified expectations, both of which are closely related to the express provisions of the contract." *Pollock v. D.R. Horton, Inc.-Portland*, 190 Or. App. 1, 11-12, 77 P.3d 1120 (2003) (citing *Hampton Tree Farms, Inc. v. Jewett*, 320 Or. 599, 615-16, 892 P.2d 683 (1995); *Best*, 303 Or. 563; *OUS v. OPEU*, 185 Or. App. 506, 515-16, 60 P.3d 567 (2002)). This duty does not, however, "vary the substantive terms of a contract or require a party to refrain from doing what the contract expressly permits it to do." *Pollock*, 190 Or. App. at 12.

In pleading a claim for breach of this duty, Plaintiff outlined the conduct prohibited by the Unfair Claims Settlement Procedures Act ("the Act"), under Oregon Revised Statutes ("ORS") 746.230. The complaint states: "The failure to comply with the requirements of the Unfair Claims Settlement Act [sic] constitutes a breach of the insurance policy issued by Country Mutual, including its obligation of good faith and fair dealing." (Complaint ¶ 19.) Country Mutual argues that this fails to state a cause of action because, as an individual, Plaintiff cannot bring a claim under the Act.

Oregon law establishes civil penalties for violation of "any provision of the Insurance code" and provides that the violator "shall pay to the General Fund of the State Treasury a civil penalty . . . ." OR. REV. STAT. 731.988(1). Such penalties are imposed either by a state agency or "in an

action brought in the name of the State of Oregon in any court of appropriate jurisdiction." OR. REV. STAT. 731.988(4)-(5).  No such enforcement mechanism provides for an independent cause of action. *See Bonner v. Union Pac. Flexible Program*, CV 09-364-ST, 2010 U.S. Dist. LEXIS 35495, at *25 (Feb. 8, 2010) ("Plaintiff brings a claim based upon a violation of Oregon's insurance law, specifically the Unfair Claim Settlement Practices Act.  Oregon courts have determined that violations of this Act are not independently actionable." (internal citation omitted) (citing *Richardson v. Guardian Life Ins. Co. of America*, 161 Or. App. 615, 623-24, 984 P.2d 917 (1999); *Malbco Holdings, LLC v. AMCO Ins. Co.*, No. CV-08-585-ST, 2008 U.S. Dist. LEXIS 100464, at *8 (D. Or. Dec. 11, 2008))).

Even so, Plaintiff maintains that he is not alleging a claim under the Act, but rather alleging that conduct prohibited by the Act gives rise to an action for breach of the duty of good faith.  The question before this court is, specifically, whether conduct that would give rise to a violation of the Act may also give rise to a claim for breach of the contractual obligation of good faith.  Plaintiff argues that conduct in violation of the Act is per se evidence of a violation of the duty of good faith, citing the Oregon Supreme Court's opinion in *Ivanov v. Farmers Insurance Co. of Oregon*, 344 Or. 421, 185 P.3d 417 (2008).  In *Ivanov*, the plaintiff sought payment following an auto accident of benefits related to Oregon's Personal Injury Protection statutes.  In particular, the plaintiff argued that the defendant's failure to conduct a reasonable investigation of the claim was a breach of the contractual obligation of good faith.  The court cited a portion of the Act which provided that no insurer shall "refus[e] to pay claim without conducting a reasonable investigation based on all available information[.]" OR. REV. STAT. 746.230(1)(d).  The court concluded: "Under that statute, an insurer is obligated to conduct a 'reasonable investigation['] . . . .  Obedience to that prohibition

is a component of Farmers' good faith obligation in this context." *Ivanov*, 344 Or. at 430. This approach was validated in *Strawn v. Farmers Insurance Co.*, 228 Or. App. 454, 464-465, 209 P.3d 357 (2009), where the breach of good faith was premised in part on actions contrary to the Act.

Country Mutual responds that *Ivanov* does not apply to the present case because it does not concern a failure to investigate. The court disagrees. As presented by Plaintiff, *Ivanov* stands for the proposition that conduct in violation of the Act, while not independently actionable, may form the basis for a claim for breach of the contractual obligation of good faith. The court agrees that such violations may give rise to a just such a claim. Although the court is unwilling to conclude that violations of the Act are per se violations of the good faith obligation, it does conclude that the underlying conduct may give rise to such a claim. The court agrees with Country Mutual to the extent that it finds the complaint somewhat inartfully pleaded. Plaintiff's citation to and description of the Act detract from the clarity of its pleading. Furthermore, Plaintiff's statement that "[t]he failure to comply with the requirements of [the Act] constitutes a breach of the insurance policy . . . including its obligation of good faith and fair dealing" suggests a proposition that is not strictly correct under the law. (Complaint ¶ 19.) Accordingly, the court strikes paragraphs 18 and 19 from the complaint. That said, the intent of the complaint is clear: the second count of the first claim for relief is entitled "Count 2–Breach of Contract–Obligation of Good Faith and Fair Dealing," and the claim contains factual allegations of conduct by Country Mutual that plausibly give rise to a claim for breach of the obligation of good faith.

Country Mutual also argues that Plaintiff fails to state a claim because Oregon does not recognize "first-party bad faith claims." (Defendant's Sur-Reply 2.) Based on Country Mutual's analysis, the court interprets this as an objection to Plaintiff alleging a tort claim arising out of

violations of the Act.  Country Mutual cites both *Santilli v. State Farm Life Insurance Co.*, 278 Or. 53, 562 P.2d 965 (1977) and *Farris v. United States Fidelity and Guaranty Co.*, 284 Or. 453, 587 P.2d 1015 (1978), for this proposition.  In *Santilli*, the plaintiff alleged a claim for "tortious breach of an insurer's duty of 'good faith and fair dealing' when dealing with its insured."  278 Or. at 61.  The tort in question arose out of the unique situation wherein an insured is sued by a third party and the insurer exercises its duty to defend.  In the course of settlement negotiations, the insurer fails to settle within the policy limits because, knowing that its total liability is already set, it is willing to gamble on litigation because the insured, not the insurance company, that will be liable for any judgment in excess of the policy limit.  The *Santilli* court stated that it need not determine whether it should recognize this "new tort" because "plaintiff would not have been entitled to prevail on such a cause of action even if [the court] were to adopt it."  *Id.* at 62-63.

However, the court did explain, without deciding, that the tort may be applicable in the context of liability insurance, wherein a third-party made a claim against the insured, but was not applicable in the context of other insurance contracts, wherein the insured made a claim against the insurer.  *Id.* at 62.  The court in *Farris* also held that, to the extent that such a tort exists, it does not apply where the insurer refuses to defend the insured; such an action is in contract only.  Plaintiff makes clear in his briefing, however, that he seeks only contract damages and is not asserting a claim in tort.  The complaint clearly states the second count of the first claim for relief as one for breach of contract.

//

//

//

*Conclusion*

For the reasons above stated, Country Mutual's motion to dismiss (#6) is DENIED.

DATED this 15th day of June, 2010.

_____/s/ John V. Acosta_____
JOHN V. ACOSTA
United States Magistrate Judge